UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-22876-CIV-MORENO

CAROL PONDERS, as personal representative of
the Estate of JOSE MANUEL SEGUNDO,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the Defendant's Motion for Summary Judgment **(D.E. 16)**, filed on **May 15, 2014**. THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is GRANTED. Plaintiff has failed to evidence any negligent act by any individual employed by the United States that proximately caused or would have prevented the fatal cardiac arrest of Mr. Jose Segundo. Nor has she identified evidence supporting the medical claims necessary to this cause of action, brought pursuant to the Federal Tort Claims Act (FTCA). As she fails to present any evidence or argument amounting to genuine issue as to any material fact, the Court finds that the Defendant is entitled to summary judgment.

I.    Factual background

This matter is a wrongful death case; Plaintiff Carol Ponders, personal representative of the Estate of Jose Segundo, alleges medical malpractice within the Krome Detention Center under the

Federal Tort Claims Act (FTCA). When Jose Segundo was booked into the Krome Detention Center in 2010, a Transfer Summary accompanied him and noted a medical history significant for diabetes. Mr. Segundo underwent a medical evaluation, including a physical exam, which corroborated a prior medical history significant only for diabetes.

From the time of his admission, Mr. Segundo's oral diabetic medications were continued and his blood glucose levels were monitored twice daily, except when he refused. In addition to a diabetic diet and medications, the medical staff ordered a screening EKG at his arrival, and several forms of blood work, including an A1C blood test to evaluate blood sugar trends. Results of the comprehensive tests were normal except for an elevated white blood cell count. The EKG results similarly did not indicate abnormal findings; significant to this case, the EKG did not report acute or chronic myocardial ischemic changes or any findings associated with coronary artery disease.

From the date of his arrival in early December, Plaintiff exhibited no chest pain, shortness of breath, weakness, fatigue or other symptoms associated with cardiac dysfunction. On December 22, 2010, however, he was evaluated for a sore throat, runny nose, and cough, and on the morning of December 23, 2010, he complained of feeling ill. He was communicative and walking as he was taken by staff to the Urgent Care Center on the Krome compound. While being transported to Urgent Care, however, Mr. Segundo suffered a fatal arrhythmia that, despite resuscitation efforts, caused his death.

The autopsy report finding is that the cause of death was severe atheroscleros in the left anterior descending coronary artery, which caused sudden cardiac death. No record evidence indicates that the Defendant caused the cardiac arrhythmia, or should have predicted cardiac death, especially in light of the normal EKG just days before. Nonetheless, in August 2013, Plaintiff filed

suit against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.* and 28 U.S.C. §§1346(b)(1), alleging negligent acts and omissions of officers, agents, and employees "of the United States".

II.   Summary Judgment Standard

Summary judgment is appropriate when 'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Lambert v. United States*, 198 Fed. Appx. 835, 838 (11th Cir. 2006) (*quoting* Fed.R.Civ.P. 56(c)). As the Supreme Court has instructed, "the plain language of rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact to be decided at trial. *Celotex*, 477 U.S. 317. Once the moving party has met its burden, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The nonmoving party must demonstrate more than a mere scintilla of evidence; if the nonmoving party's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986).

III.  Legal Analysis

Plaintiff brings this cause of action for negligence against the United States under the Federal Tort Claims Act (FTCA). 28 U.S.C. §2671, *et seq.* and 28 U.S.C. §§1346(b)(1). The statute generally authorizes suits against the United States for damages for personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. *United States v. Orleans,* 425 U.S. 807, 813-16 (1976); *Means v. United States,* 176 F.3d 1376, 1378 (11th Cir. 1999) (the alleged tortfeasor's status as an employee of the government is the *sine qua non* of liability under the FTCA). The Act provides that the United States may be held liable for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. §2674. Plaintiff in this case has not identified a federal employee who was negligent.

In analyzing an Federal Tort Claims Act claim, the courts apply the law of the state where the alleged tort occurred. *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004). Here, the court applies Florida's medical malpractice tort law. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir.2001). To prevail here, Plaintiff here needed to identify the provider's standard of care, produce evidence that the provider breached the duty to render medical care in accordance with that requisite standard, and establish that the breach proximately caused the injury alleged. *Moisan v. Frank K. Kriz, Jr., M.D., P.A.*, 531 So.2d 398, 399 (2nd DCA 1988). A mere possibility of such causation is not enough; and where the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, the court has a duty to

direct a verdict for the defendant. *Gooding v. University Hospital Bldg., Inc.*, 445 So. 2d 1015 (Fla. 1984). *See also, Beisel v. Lazenby*, 444 So. 2d 953 (Fla. 1984). Here, Plaintiff needed to provide evidence that Mr. Segundo's injury was proximately caused by breach of the prevailing professional standard of care–that is, the level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers. Fla. Stat. § 766.102(1) and § 766.102(3)(b). Plaintiff has failed to provide any competent evidence of a breach of the standard of care by any of Mr. Segundo's attendants, let alone established a relationship between that conduct and Mr. Segundo's death.

When a detainee alleges that the United States was negligent in providing medical care, and that the United States' alleged negligence caused the detainee injury, the detainee must produce medical or expert opinion testimony sufficient to establish that the alleged negligence of the United States caused plaintiff's alleged injury. *Lambert*, 198 Fed. Appx. at 839. The district court in *Lambert* found that the medical negligence claim failed because Lambert had not submitted "any medical testimony or expert testimony to support his claims and there was no evidence of causation." *Lambert*, 198 Fed. Appx. at 838. The plaintiff in that case argued that the district court erred in determining that he had to present expert medical testimony prior to trial in response to the government's motion for summary judgment. *Id.* at 839. The Eleventh Circuit disagreed with the *Lambert* plaintiff and affirmed the district court's grant of summary judgment in favor of the United States. *See Butler v. United States*, 2011 WL 1631013, at *8 (D. S.C. March 24, 2011) (granting the United States' motion for summary judgment against a former inmate raising an FTCA claim where "Plaintiff has presented no evidence, such as affidavits from other medical professionals or any other type of medical evidence, to support his claim."); *Rone v. United States*,

2009 WL 5031307, at *5 (D. S.C. Dec. 14, 2009) (same); *Luckett v. United States*, 2009 WL 1856417, at *5 (E.D. Mich. June 29, 2009) ("Plaintiff has not submitted any medical opinion evidence to support his claim . . . . [T]he motion for summary judgment could be granted on this ground alone.").

Plaintiff, however, has failed to provide any medical or expert opinion testimony in this case; she has yet to even disclose an expert. The question of whether a medical practitioner employed the correct procedures for the diagnosis and treatment cannot be answered without expert testimony. *See* Rule 26(a)(2)(B), F.R.Civ.P. *See, Torres v. Sullivan*, 903 So.2d 1064 (2nd DCA 2005); *Thomas v. Berrios*, 348 So.2d 905, 908 (2nd DCA 1977) (stating that expert testimony is always required to prove a case based on an incorrect diagnosis or the adoption of the wrong method of treatment). Under Florida law, the plaintiff has the burden of proving by the greater weight of the evidence that the alleged actions by the health care provider represented a breach of the accepted standard of care for the health care provider. *Reynolds v. Burt*, 359 So.2d 50 (1st DCA 1978). That Mr. Segundo suffered a cardiac arrhythmia that led to his demise does not in of itself establish a cause of action. Fla. Stat. § 766.102(3)(b) ("The existence of a medical injury does not create any inference or presumption of negligence against a health care provider . . .").

Ultimately, Plaintiff has failed to demonstrate that summary judgment is not appropriate at this juncture. Plaintiff failed during discovery to provide any supportive expert evidence to support the claim for negligence in providing medical care. The Krome Detention Center medical records support that Mr. Segundo was treated for his diabetic condition, including a special diet, appropriate medications, twice daily blood tests, extensive lab testing, and an EKG, all during the short time that Mr. Segundo was a detainee at Krome Detention Center. At most, the medial records in this case

establish that Mr. Segundo had diabetes that required, and received, appropriate daily treatment and care. There was no indication of coronary artery disease, and in fact, Mr. Segundo was assessed twice daily (except when he refused) and had a normal EKG days prior to his unfortunate, sudden cardiac death. There is no evidence or opinion testimony suggesting a deviation from the standard of care by an employee of the United States that led to or would have prevented the fatal arrhythmia.

The Defendant United States has met its burden of production at this summary judgment stage in the litigation. Plaintiff needed to "go beyond the pleadings and by [] affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. As the nonmoving party, Plaintiff needed to present evidence that was more than "merely colorable"; for when evidence is not "significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986). Plaintiff has failed to meet this burden, failing to designate treating medical staff as experts, or provide the necessary Rule 26 disclosure for use of a treating medical provider as an expert, or otherwise defend with record evidence. *See* Rule 26(a)(2)(C). Notably, she failed to respond to the Defendant's Motion for Summary Judgment at all. The Plaintiff has not identified any alleged negligent individual, or alleged negligent behavior. Accordingly, Defendants Motion for Summary Judgment is hereby GRANT and this case DISMISSED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record